## Case No. 7,802.

### KING et al. v. PHILLIPS.

[Pet. C. C. 350.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1816.

#### PLEADING—COUNTS—COSTS.

In an action on the case to recover the amount of an accepted bill of exchange, from the acceptor, the plaintiffs, who were payees and indorsers of the bill, cannot recover the damages and costs of suit which had been recovered against them by the indorsee of the bill, there being no money count in the declaration.

Judgment was confessed, subject to the opinion of the court, whether the defendant, the acceptor of a bill of exchange, is liable to the plaintiffs [King and Jones], the payees and indorsers of the bill, for the damages and costs of suit which were recovered against them by the indorsee? The declaration was in the common form, averring the acceptance by the defendant, and his subsequent refusal to pay, without noticing the recovery against the plaintiffs, and contained no money count.

Mr. Chauncey, for plaintiffs, cited 4 Taunt. 464; 1 Wils. 185.

WASHINGTON, Circuit Justice. The question intended to be submitted to the court cannot arise on this declaration. It is simply an action on the case to recover the amount of an accepted bill of exchange, and the judgment can only be for that amount with interest; that being the sum demanded.

KING v. RAILROAD COS. See Cases Nos. 7,800 and 7,801.

KING v. The R. E. LEE. See Cases Nos. 11,-690 and 11,691.

KING (RANDOLPH v.). See Case No. 11,-560.

1 [Reported by Richard Peters, Jr., Esq.]

## Case No. 7,803.

### KING et al. v. SHAW.

[4 Cranch, C. C. 457.] 1

Circuit Court, District of Columbia. March Term, 1834.

#### PRACTICE—PLEADING AT RETURN TERM.

In cases under the lien law, the court will not oblige the defendant to plead at the return term.

C. Cox, for plaintiffs [King and Pickerell], stated that it was a case under the lien law of March 2d, 1833, and moved the court for a rule on the defendant [W. P. Shaw] to plead at this term, because the lien could continue only two years from the commencement of the building, and if the plaintiffs should not get judgment within the two years they would lose the lien.

But THE COURT (nem. con.) refused to grant the rule.